## Shetrom v. McCrone

*Robert E. Knupp,* for plaintiff.

*W. E. Shissler* and *Nauman, Smith, Shissler & Hall,* for defendant.

*Frederic G. Antoun,* for petitioner.

NEELY, J., September 22, 1958.—In this action in trespass defendant caused to be issued a subpoena duces tecum directing John J. Simonetta, Administrative Assistant to the Director of Highway Safety of this Commonwealth, to appear on January 27, 1958, and to bring with him "the original shorthand notes and the transcription thereof of the sworn statements of Martin L. Shetrom and Donald D. McCrone made at a hearing in June of 1956."

The Attorney General has filed a "motion to quash subpoena" which is in the nature of a petition to quash (and will be so treated), wherein it is alleged that "the information which this subpoena has directed to be produced is part of the report required by the Secretary of Revenue pursuant to the authority granted to the Secretary under §1214 of the Act of May 1, 1929, P. L. 905, as amended": 75 PS §761.

Defendant has filed an answer to the motion to quash, wherein it is averred that the said notes and transcription are the record of a hearing held before

a representative of the Secretary of Revenue pursuant to the Act of May 1, 1929, P. L. 905, sec. 615, as amended, 75 PS §192(b) ; and that the said notes are not either a "report" or "part of a report" or a "supplemental report", which the operator of a vehicle in-volved in an accident resulting in bodily injury or death is required to forward to the Department of Revenue pursuant to the provisions of The Vehicle Code of May 1, 1929, P. L. 905, sec. 1214, as amended, 75 PS §761, or the Act of June 1, 1945, P. L. 1340, sec. 4, as amended, 75 PS §1277.4. The answer avers that the Department of Revenue has provided forms for making reports in compliance with section 1214 concerning accidents. By virtue of the provisions of Pa. R. C. P. 209, the factual averments of the answer must be deemed to be admitted, since petitioner failed to proceed as he was required to do under this rule in support of his petition (the motion to quash).

Section 615(b) provides that:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .

"2. That such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth."

The administrative hearing was for the purpose of determining whether any action should be taken with respect to the operator's license of either of the parties to this suit in trespass.

Petitioner contends that these notes of testimony should be considered as being in the nature of a report filed under section 1214 of The Vehicle Code, which section reads, in part, as follows:

"(a) The operator of any motor vehicle, involved in an accident resulting in bodily injury or death to any person or damage to the property of any one per-

son in excess of one hundred dollars ($100), shall, within twenty-four (24) hours, *forward a report* of such accident to the department, upon forms furnished by the department." (Italics supplied.)

This section also provides for supplemental reports. It is provided that reports forwarded under this section shall not "be admissible in evidence for any (other) purpose in any trial, civil or criminal, arising out of such accidents".

We must be guided by the averments of the answer which state that the hearing was not held pursuant to section 1214 of The Vehicle Code but was held under the provisions of section 615. Furthermore, there is attached to the motion to quash the report required under section 1214. It is difficult indeed to conceive that notes of testimony taken at an administrative hearing where the parties may be examined and cross-examined should be considered part of that report.

Section 1214 relates to the duty to forward reports of accidents and a penalty is provided for the violation of the provisions of the section; also, for failure to report an accident as provided in section 1214, operating privileges may be withdrawn under section 615(b)(3) of The Vehicle Code.

Section 615 is intended to provide for an administrative hearing as an aid to the proper officials in determining what their administrative action should be. In our view, the notes of testimony taken at such hearing could in no sense be considered as a report forwarded to the Department of Revenue within the meaning of section 1214.

Section 615(b)(3) provides that an operator's license may be suspended upon sufficient evidence "That such person has failed to file a report with the department of a motor vehicle or tractor accident as required by this act". The very use of the term "report" in section 615 indicates that the term has reference to its

usage in section 1214. The word, then, must have that meaning ascribed to it in section 1214 which refers to forwarding a report of an accident to the Department of Revenue for which purpose a form has been prescribed.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551. Hence, the meaning of the term "report" as used in section 1214 is not to be discarded in order to carry out some purpose undisclosed by the plain enactment of The Vehicle Code. By the plain language of the act, section 1214 refers to a report to be forwarded to the Secretary of Revenue and does not include a hearing which the secretary conducts through one of his administrative assistants.

Whether the notes in question must be produced in court in this suit in response to the subpoena presents a case of first impression. None of the interested parties have cited authorities that are controlling in this situation. We can find no statutory authority for holding that respondent is immune from the subpoena issued in this case. The general rule is that "any person competent as a witness in a cause may be compelled to attend court and testify therein as a witness": 5 Standard Pa. Practice, §290, p. 266; Pennsylvania Company for Insurances on Lives and Granting Annuities v. Philadelphia, 262 Pa. 439, 441 (1918); 58 Am. Jur., Witnesses, §15, p. 31. Cf. Appeal of Hartranft et al., 85 Pa. 433, 449 (1877); Gray v. Pentland, 2 S. & R. 23 (1815).

It is provided in the Act of June 16, 1836, P. L. 784, sec. 22, 17 PS §2079, that "Each of the said courts is empowered to issue writs of subpoena, . . . to summon and bring before the respective court any person

to give testimony in any cause or matter depending before them, . . ."

In Appeal of Hartranft et al., supra, an immunity from subpoena was granted to the Governor because his presumed occupation with official duties prevented him from attending a grand jury proceeding. This doctrine, in our judgment, certainly could not be extended to the Administrative Assistant to the Director of Highway Safety of the Department of Revenue, who is directed to appear as a witness at a jury trial in a civil case.

In the last analysis, petitioner's argument is one of convenience, viz., that it would be burdensome to the Department of Revenue to be required to respond to subpoenas in actions such as this throughout the Commonwealth. This is a matter of policy over which we have no control. It is a matter that lies within the province of the legislature. At this coming session, the legislature would be empowered to give consideration to the question as to whether administrative proceedings of the nature involved herein should be protected from process in our civil courts by making appropriate provisions concerning the admissibility of the testimony taken in such proceedings. This court, however, because judicial legislation is prohibited, has no power by its own decree to declare that respondent is immune from the subpoena that was issued.

In view of the foregoing, the motion to quash the subpoena must be overruled, and accordingly, therefore, we herewith make the following

### Order

And now, September 22, 1958, the motion of the Attorney General to quash the subpoena issued to John J. Simonetta, Administrative Assistant to the Director of Highway Safety of this Commonwealth, is herewith overruled.